**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**SUI SAPE TAVETE, Defendant.**

High Court of American Samoa
Trial Division

CR No. 14-02

May 8, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and
MAMEA, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney
General
For Defendant, Bentley C. Adams, III, Assistant Public
Defender

## ORDER DENYING MOTIONS TO SUPPRESS STATEMENTS AND FOR MENTAL EXAMINATION

We deny the motion to suppress statements made by the defendant and the motion seeking a mental examination of the defendant, both of which were submitted by the defendant, Sui Sape Tavete, on March 11, 2002, and heard by this court on March 28, 2002. Defendant and both counsel were present at the hearing.

■ We first deal with defendant's motion to suppress his statements made to the police during interrogation. Defendant is being charged with 1st Degree Burglary, 1st Degree Assault, and attempted 1st degree Robbery. He was seventeen years old at the time of his arrest for these crimes. Defendant was apprised of his rights *Miranda* rights which he voluntarily waived before making his statements to the police during interrogation. Under a provision of the Juvenile Justice Act, Title 45, A.S.C.A., statements made by a child during interrogation are not admissible unless, "a parent, guardian, or legal custodian of the child was present at the interrogation," and they were made aware of the child's rights. A.S.C.A. § 45.0204 (c). However, in this matter the Attorney General's Office not has charged defendant as a juvenile under the Juvenile Justice Act, but as an "adult" under the Criminal Justice Act, Title 46 A.S.C.A. This action is within the Attorney General's unfettered prosecutorial discretion, preserved under A.S.C.A. § 45.0115(c)(2). *American Samoa Government v. Julio*, 9 A.S.R.2d 128 (1988). Proceedings under the Juvenile Justice Act, are not criminal proceedings but juvenile delinquency proceedings, *see* A.S.C.A. § 45.0115(a)(1), and a "delinquent child" is defined by § 45.0103(9)(A) as "any child 10 years or age or older, who . . . has violated federal, state, or territorial law." However, the Juvenile Justice Act goes on to make clear that the term "delinquent child" did "not apply to children 14 years of age or older who allegedly commit crimes of violence." A.S.C.A. § 45.0103(9)(B).

■ Therefore, we conclude that at least in terms of children who allegedly commit crimes of violence, the Juvenile Justice Act does not change the common law applicable in these matters. Therefore, the defendant's motion does not present a question of law to the court and we find that it is not dispositive on this matter.

A juvenile's waiver of *Miranda* rights, like an adult's waiver of *Miranda* rights, is reviewed on the totality of the circumstances, including the background, experience, and conduct of the defendant. *United States v. Doe*, 155 F.3d 1070, 1073 (9th Cir.1998). Lack of parental notification is one factor to consider. *Id.* While an important factor to consider, it is only one of the many factors the court would examine if presented with the issue. However, the defendant did not present this issue to us and we

decline to examine it at this time.

Next we consider the defendant's motion seeking a mental examination to determine his competency to stand trial for the offenses charged. Defendant has not put forth sufficient evidence for the court to fully consider whether a mental examination would be desirable in this instance. Defendant's counsel's concerns about his client and some brief reference to familial trauma do not rise to a level that would compel this court to act. To the contrary, statute dictates that the defendant is presumed mentally competent. A.S.C.A. § 46.1306. Furthermore, competency to stand trial goes to the issue of whether a defendant has a "sufficient and present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him." *American Samoa Government v. Taylor*, 18 A.S.R.2d 42, 44. (Trial Div. 1990). We have had nothing to suggest that the defendant is presently unable to assist counsel in the defense.

## Order

Because we find the defendant's arguments lacking in merit, we deny the motion to suppress defendant's statements and the motion for mental examination.

It is so ordered.